**R. JACOBS, Plaintiff/Appellant,**

v.

**Gerald WOLFF, M.D.,
Defendant/Respondent,**

**and**

**Karen Unser, R.N.,
Defendant/Respondent.**

**No. 60571.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 3, 1992.

R. Jacobs, St. Louis, for plaintiff/appellant.

Kortenhof & Ely, Kenneth M. Lander, St. Louis, for defendant/respondent Wolff, M.D.

Brown & James, P.C., Robert S. Rosenthal & David P. Ellington, St. Louis, for defendant/respondent Unser, R.N.

KAROHL, Judge.

On June 18, 1991, the trial court dismissed plaintiff Jacobs' claims against defendant Gerald A. Wolff, a medical doctor, and defendant Karen Unser, a nurse. The court found the claims alleged in five counts against Dr. Wolff and one count against nurse Unser barred for failure of plaintiff to file an affidavit mandated by § 538.225.1 RSMo 1986. Plaintiff acknowledges the failure to file the affidavit but claims the requirement does not apply to his claims against Dr. Wolff and nurse Unser. Plaintiff appeals from the order dismissing his causes of action without prejudice.

We affirm dismissal of Counts I–IV of plaintiff's fourth amended petition claiming damages against Dr. Wolff and dismissal of Count IX of plaintiff's fifth amended petition claiming damages against nurse Unser. We reverse and remand the dismissal of Count V for an injunction against Dr. Wolff.

On November 23, 1988, plaintiff sued Dr. Wolff claiming tortious interference with contract, negligent infliction of emotional distress, negligence and prima facie tort. He also alleged a claim for an injunction against interference by Dr. Wolff which prevented plaintiff from "rejoining and continuing the Vital Cardiac Laboratories program prescribed by Plaintiff's physician." The count against nurse Unser alleged negligence.

■ The principle issue before the court is whether the claims for damages against Dr. Wolff and the claim for damages against nurse Unser are barred as a matter of law for failure of plaintiff to comply with the provisions of § 538.225.1 RSMo 1986. We find the order of dismissal without prejudice under § 538.225.5 RSMo 1986 is final and appealable. *Mahoney v. Doerhoff Surgical Serv., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991). We note the court in *Mahoney* found the statute to be constitutional. *Id.* at 507–513.

We accept as true factual allegations in the petition. *Defino v. Civic Center Corp.*, 718 S.W.2d 505, 510 (Mo.App.1986). Our review is hampered by the fact plaintiff has

provided the court with only plaintiff's original petition against Dr. Wolff consisting of five counts, and a part of plaintiff's *fourth* amended petition consisting of Counts VI—IX against nurse Unser. In nurse Unser's supplemental legal file, we also have Counts VI—IX of plaintiff's *fifth* amended petition, counts relating only to nurse Unser. At the time the court entered orders of dismissal which are the subject of this appeal, the proposed Counts VI—VIII in plaintiff's *fifth* amended petition were not before the court because the court had previously dismissed the same counts alleged in the *fourth* amended petition with prejudice and refused plaintiff leave to refile those counts. Those dismissals were not appealed. The court granted plaintiff leave to file an amended Count IX to plaintiff's fourth amended petition claiming negligence by nurse Unser. On June 18, 1991, the only count pending against nurse Unser was Count IX of plaintiffs' fifth petition.

We reject plaintiff's claim that the dismissal of Count IX of plaintiff's fifth amended petition was not properly before the court on June 18, 1991, when it was dismissed. Nurse Unser's motion to dismiss based on § 538.225 was filed on March 25, 1991, and was directed to Count IX of plaintiff's *fourth* amended petition. The fifth amended petition, Count IX, was allowed by the court on June 4, 1991. However, Count IX of plaintiff's fifth amended petition is identical to Count IX of plaintiff's fourth amended petition and the legal issue, whether plaintiff's claims are barred as a matter of law under the facts and § 538.225, is the same. While the motion to dismiss was under submission, the court permitted a fifth amended petition on plaintiff's request but Count IX did not change and it is barred as a matter of law.

■ The legal question is whether the gravamen of plaintiff's claims for damages consists of claims against Dr. Wolff and nurse Unser in their capacity as health care providers. Given the relationship of the parties and the true claim for damages relates to wrongful acts of a health care provider, we find § 538.225 RSMo 1986 ap-

plies regardless of the characterization of the claims by plaintiff. *See Mullins v. Miller*, 796 S.W.2d 119, 120 (Mo.App.1990); *Spruill v. Barnes Hospital*, 750 S.W.2d 732, 733 (Mo.App.1988).

Plaintiff alleged he began a physical rehabilitation program, Vital Cardiac Laboratories of Jewish Hospital, after suffering two heart attacks and undergoing cardiac by-pass surgery. Plaintiff's cardiologist recommended and prescribed that plaintiff enroll for the Laboratories Rehabilitation Program. Relevant allegations in the petition are helpful:

7. That Gerald A. Wolf [sic] is a physician specializing in cardiac care ... and knew of the importance of the Plaintiff's commitment and regularity in exercising and the monitoring thereof following cardiac bypass surgery.

\*　　\*　　\*　　\*　　\*　　\*

12. That as a physician specializing in cardiology, Gerald A. Wolf [sic] knew of the importance [of the program but caused the laboratory to exclude plaintiff].

These allegations are included in all counts for damages against Dr. Wolff.

Other relevant allegations were made for some but not all counts. For example, Count II also alleged: "12. That as a physician ... Defendant had a duty and obligation not to deliberately cause injury or harm to Plaintiff's psyche or physical well being"; and Count IV alleged: "3. That the Defendant Wolf [sic] was medical director of said facility...." The allegations against nurse Unser relevant to the question are: (1) she was a person involved in the administration of the physical rehabilitation program; (2) she was aware plaintiff's physician had specifically prescribed the physical exercise program; (3) she breached a duty not to endanger plaintiff's physical well-being; (4) she knew of the monitoring "and knew of the abnormal PVC's detected by the monitoring equipment"; and (5) she negligently: (a) abruptly and without warning stopped a high-speed treadmill and (b) submitted a negligent report that was false regarding plaintiff's activities while at the laboratory.

The petition does not allege but there is no dispute Karen Unser is a registered nurse and was so employed by the laboratory.

Plaintiff contends § 538.225 does not apply to his lawsuit because the defendants were not health care providers within the meaning of the statute. We find no error in the finding and judgment of the trial court that defendants' relationship to plaintiff was as health care providers. Plaintiff alleged in his petition he was engaged in therapy prescribed by his cardiologist. Plaintiff's activity at the rehabilitative laboratory was post-operative care. The gravamen of all plaintiff's complaints, for which he seeks damages against Dr. Wolff and nurse Unser, are related to breaches of duty in rendering rehabilitative care. Plaintiff had no other relationship with Dr. Wolff or nurse Unser except for rehabilitation under the prescription of his cardiologist. Defendants' activities at the rehabilitation center were related only to providing services to persons, including plaintiff, who required a form of health care. All of these facts are derived from plaintiff's petition. We accept them as true. *Defino,* 718 S.W.2d at 510. On these facts § 538.225 applies. They are undisputed. Dismissal of Counts I—IV against Dr. Wolff and Count IX against nurse Unser claiming damages are affirmed.

The dismissal of Count V which requested only injunctive relief against Dr. Wolff was granted solely on the authority of plaintiff's failure to file a § 538.225 affidavit. The court sustained a motion which relied only on that legal ground. This was error because the statute is limited to actions "against a health care provider for damages for personal injury or death." A failure to file the statutory affidavit will not operate to support dismissal of a petition which does not seek damages. Dr. Wolff offers numerous other grounds and arguments in support of alternative deficiencies including a failure of Count V to state a cause of action against Dr. Wolff, which may justify dismissal of Count V. However, these grounds and arguments were not presented to the trial court with the motion to dismiss and have not been decided after notice and hearing. We express no opinion on the merits of the grounds and arguments presented in trial court pleadings and in briefs filed with this appeal.

We affirm dismissal of Counts I—IV of plaintiff's fourth amended petition against Dr. Wolff and dismissal of Count IX of plaintiff's fifth amended petition against nurse Unser. We reverse and remand the dismissal of Count V against Dr. Wolff. Costs of this appeal are ordered taxed against plaintiff.

SMITH, P.J., and AHRENS, J., concur.