**Angelo VITALE, Appellant,**

v.

**Theodore SANDOW, Jr., James S. Applebaum, M.D., Respondents.**

**No. WD 50702.**

Missouri Court of Appeals, Western District.

Dec. 26, 1995.

C. John Forge, Independence, for appellant.

Kevin O. Murphy, J. Michael Shaffer, Kansas City, for respondents.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

In August 1991, Mr. Vitale was involved in an automobile accident during the course of his employment. He went to Dr. Sandow, Jr., designated by Mr. Vitale's employer as the treating physician, for examination and treatment of his injuries. Dr. Sandow referred Mr. Vitale to Neurology Center, Inc., and Dr. Appelbaum for additional evaluation and treatment. Mr. Vitale was then referred to Dr. Whittaker of Neurology Neurosurgery for further examination and treatment.

After examinations that revealed no objective findings of any physical abnormalities, Dr. Appelbaum and Dr. Whittaker sent letters to Dr. Sandow, each stating that in their opinion the continuation of Mr. Vitale's symptoms was due to malingering.[1] Dr. Sandow sent these letters to Mr. Vitale's employer and its insurance companies. As a

1. Malingering is a recognized medical condition meaning to feign or exaggerate one's illness or incapability in order to avoid work or other responsibilities. See, e.g., Blakiston's Gould Medical Dictionary 797 (4th Ed.1979).

result, Mr. Vitale's workmen's compensation and individual insurance benefits were terminated.

■ Mr. Vitale brought a suit for libel against Drs. Sandow, Appelbaum, and Whittaker, Neurology Center, Inc., and Neurology Neurosurgery for publishing the letters stating that his physical symptoms were due to malingering. He sought damages for the injury to his reputation, lost income, and medical expenses incurred as a direct result of the statements. The trial court dismissed Mr. Vitale's claim for failure to provide a health care affidavit as required by § 538.225, RSMo 1994. Mr. Vitale appeals from this order, claiming that a health care affidavit is not required for his libel claim against the doctors and their employers.

Section 538.225, RSMo 1994 provides:

In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

In construing this statute, courts have held that a health care affidavit is required if the relationship of the parties is that of health care provider and recipient and if the "true claim" relates only to the provision of health care services. *St. John's Regional Health Ctr. v. Windler*, 847 S.W.2d 168, 171 (Mo.App.1993); *Jacobs v. Wolff*, 829 S.W.2d 470, 472 (Mo.App.1992).

Mr. Vitale does not challenge the trial court's determination that a health care relationship existed between the parties. On appeal, Mr. Vitale contends that his claim of libel does not relate to the health care services provided to him by the defendants. Instead, he asserts, his claim relates only to the statements they made describing Mr. Vitale's conduct as malingering.

■ However, Mr. Vitale misunderstands the purpose and meaning of the doctors' statements. Specifically, Mr. Vitale was referred to these doctors for evaluation and treatment of his injuries. In their independent evaluations the doctors were unable to find any physical abnormalities that would cause his symptoms. Because the examining physicians detected no physical reasons for Mr. Vitale's symptoms, each doctor opined that the continuation of the physical symptoms was due to malingering. Thus, these statements constituted the doctors' medical diagnosis. These statements constituted their evaluation of Mr. Vitale's condition, which is the precise reason he was referred to these doctors.

Regardless of how the claim is characterized, the central issue at a trial on this matter would be whether Mr. Vitale was malingering. Therefore, despite Mr. Vitale's characterization of his claim as libel, we conclude that the medical affidavit was required because the basis of his true claim for damages is that the doctors' diagnosis was incorrect. See *St. John's Regional Health Center, Inc.*, 847 S.W.2d at 171, in which the court held that the medical affidavit was required, because the basis of the appellant's false imprisonment claim was the incorrect medical determination that she needed to be confined. Mr. Vitale's true claim for damages relates to the wrongful acts of a health care provider, and so the filing of a health care affidavit was required. *Jacobs*, 829 S.W.2d at 472.

Mr. Vitale also asserts that § 538.225 does not apply because his claim is not for damages for personal injury, but rather for damages to his reputation. Mr. Vitale urges this court to interpret the term "personal injury" in § 538.225 in a narrow sense, encompassing only damage to his physical body. However, this argument was rejected in *St. John's Regional Health Center, Inc.*, 847 S.W.2d at 171.

In *St. John's Regional Health Center, Inc.*, the appellant argued that her false imprisonment claim was one for damages for injury to her personal rights, including injury to her reputation, rather than for damages for per-

sonal injury. *Id.* In rejecting this argument, the court noted that the term "personal injury" may be used, usually in statutes, in a broad sense to include any injury that is an invasion of personal rights, including such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering. *Id.*

■ The court concluded that the legislature intended the term "personal injury" in § 538.225 to be applied in this broad sense to include all actions for injuries to the person, whether to the person's rights or to the person's body. *Id.* at 172. Based on this legislative intent, the court held that damages for false imprisonment are damages for

personal injury within the meaning of § 538.225. *Id.* The result is the same here. Damages for libel are damages for personal injury within the meaning of § 538.225. The trial court correctly dismissed Mr. Vitale's claim for failure to file a health care affidavit.

The judgment of the trial court is affirmed.

All concur.