Karen A. **DERRINGER** and Sanna Lee Solem, Appellants

v.

Marianne **EMERSON**, Trustee of the Richard Ray Solem Living Trust and Ray Solem Charitable Foundation, Appellees.

No. 10–7110.

United States Court of Appeals, District of Columbia Circuit.

May 31, 2011.

Jeffrey Jerome Hines, George S. Mahaffey, Jr., Esquire, Goodell, Devries, Leech & Dann, LLP, Baltimore, MD, for Appellants.

Robert Edward Grant, Esquire, Furey, Doolan & Abell, LLP, Chevy Chase, MD, Kevin Michael Murphy, Esquire, Carr Maloney PC, Washington, DC, for Appellees.

Before: HENDERSON, BROWN and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record and on the briefs of the parties. *See* FED R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has afforded the issues full consideration and has determined they do not warrant a published opinion. *See* FED. R.APP. P. 36; D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the order of the district court is affirmed.

On February 6, 2004, Richard Ray Solem created a Living Trust for the administration of his assets both during his life and upon his death. Ray Solem initially named his daughters, Karen Derringer and Sanna Solem ("daughters" or Appellants) as beneficiaries of his estate. Solem's trust also called for creation of the Ray Solem Charitable Foundation. The trust document instructed that any assets remaining after distribution to the daughters should be distributed to the Foundation.

Solem named himself as trustee of his Living Trust and his daughters as successor trustees. As for the Foundation, Solem named his daughters and Marianne Emerson—Solem's common-law wife—as trustees. Solem also included in his trust document a broad forfeiture clause that prohibited any challenge to the validity of the trust or any amendments thereto.

Some time after executing this trust document, Solem drafted both a "Modification" Memorandum and a "Summary" concerning the trust's provisions; the former professed to remove his daughters as trustees and beneficiaries, and the latter memorialized these intentions. When Solem passed away, Emerson, acting as trustee, distributed the trust assets in accordance with the Summary and Memorandum, and not the original trust document.

A number of years passed and Appellants decided they were unhappy with Emerson's distribution of trust assets. So they requested "guidance and clarification" concerning construction of their late father's trust—in particular, the Summary and Memorandum. The daughters asked the district court to declare the Summary and Memorandum invalid, the distribution to the Foundation in error, and the appointment of Emerson as trustee improper.

Looking to Virginia law, the district court construed Appellants' request as a trust contest. *Derringer v. Emerson*, 729 F.Supp.2d 286, 290 (D.D.C.2010). Because Appellants brought that contest more than two years after their father's death, Virginia's two-year statute of limitations, Va. Code Ann. § 55–546.04, operated to bar any consideration of the merits of Appellants' argument. The district court therefore granted summary judgment in favor

of the trustee. *Derringer,* 729 F.Supp.2d at 290–91.

This court reviews a district court's grant of summary judgment *de novo,* viewing the evidence in the light most favorable to the non-moving party. *Breen v. Dep't of Transp.,* 282 F.3d 839, 841 (D.C.Cir.2002).

The thrust of the daughters' argument is that their declaratory action was not a trust "contest." If true, this would get them around both the statute of limitations and the forfeiture clause contained in the trust. "A court's determination of which 'activity or participation constitutes a contest or attempt to defeat a [trust[1]] depends upon the wording of the "no-contest" provision and the facts and circumstances of each particular case.'" *In re Estate of Rohrbaugh,* 80 Va. Cir. 253, 262 (Va.Cir.Ct.2010) (quoting *Keener v. Keener,* 278 Va. 435, 682 S.E.2d 545, 548 (2009)); *see also Va. Found. of Indep. Colls. v. Goodrich,* 246 Va. 435, 436 S.E.2d 418, 420 (1993). Generally, "a resort to the means provided by law for attacking the validity of a [trust] amounts to a contest...." *Womble v. Gunter,* 198 Va. 522, 95 S.E.2d 213, 219 (1956) (citations and internal quotation marks omitted).

In Virginia, six grounds generally serve as the basis for a trust contest: lack of testamentary capacity, fraud, undue influence, improper execution, forgery, or subsequent revocation by a later trust. *See id.* at 216. But the Supreme Court of Virginia has never expressly limited a trust contest to those grounds, noting only that they are the usual bases for contests. *See id.* at 216; *see also Rohrbaugh,* 80 Va. Cir. at 262–63 & n. 10.

Because Virginia law does not expressly limit the grounds for which a person may contest a trust, the district court was correct in construing Appellants' declaratory action as a trust contest. The daughters' amended complaint sought one primary declaration from which all other declaratory relief necessarily flowed: the daughters sought a declaration that "the Living Trust was not amended by the Summary and Memorandum." J.A. 10 ¶ 23. As the daughters admit, "[T]he central issue ... is whether these two documents somehow amended or revised the Living Trust...." J.A. 8 ¶ 15. Only if the district court concluded the Summary and Memorandum were not amendments could the court order the redistribution of trust assets to the daughters and the assignment of the daughters as Foundation trustees. Thus, the nature of the relief requested is declaratory in name only.

This is unlike *Virginia Foundation of Independent Colleges,* where the issue was whether the phrase "personal property" referred only to tangible personal property or also to intangible personal property. 436 S.E.2d at 419. In that case, the Virginia Supreme Court concluded a declaratory action seeking interpretation of an ambiguous phrase in a will was not a "contest." *Id.* at 420. No amount of effort by Appellants can transform their pleadings into a request for a mere interpretation. At base, they are not seeking guidance as to what the Summary and Memorandum *mean,* but rather, a judicial determination that the Summary and Memorandum are not valid amendments.

There is no plausible argument to the contrary and Appellants do not succeed in trying to manufacture one. The daughters are contesting the trust's amendments,

---

1. Although much of the Virginia case law concerns forfeiture clauses contained in wills, the Virginia Supreme Court has determined the same principles govern forfeiture clauses set out in trusts. *Keener v. Keener,* 278 Va. 435, 682 S.E.2d 545, 548 (2009).

and as such, their claims are time-barred by Virginia's two-year statute of limitations.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.