

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| DEBORAH K. MORRIS, Personal Representative of the Estate of Steven W. Groves, Deceased,<br><br>Appellant,<br><br>vs.<br><br>TRUST COMPANY OF THE OZARKS, as Trustee of the William and Kathryn Groves Trust Under Agreement dated July 2, 1991, as amended, Maurice Houghton, Martha Rains, Louise Zook, Evangeline Skelton, John Jack Munsey, Park University, and Fitchburg State College,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. SD32794<br>)<br>) FILED: March 11, 2014<br>)<br>)<br>)<br>)<br>)<br>) |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Judge

**<u>AFFIRMED</u>**

Alleging that a grantor trust had terminated by operation of law more than three years earlier, a personal representative sought to obtain the trust corpus through litigation. The successor trustee asserted limitations as a bar, an issue that the trial court did not reach in denying relief on the merits.

This court can affirm that judgment "on any basis supported by the record," ***Howard Const. Co. v. Bentley Trucking, Inc.***, 186 S.W.3d 837, 844 (Mo.App. 2006), and does so because § 456.6-604 bars the subject claims.[1]

## Background

William Groves and his wife had a revocable grantor trust. She died, leaving William as sole trustee. When William died in June 2005, his son Steven became trustee. After Steven died 16 months later, Respondent[2] became successor trustee. The trust by its terms continued throughout.

Appellant, as personal representative of Steven's estate, filed a petition to discover assets held by Respondent in October 2008. Her theory was that the trust, notwithstanding contrary provisions, terminated at William's death more than three years before Appellant filed suit. In a non-jury trial, the court ruled against Appellant without addressing Respondent's limitations defense.

## Limitations

Under § 456.6-604.1 and (1), "[a] person may commence a judicial proceeding to contest the validity of a trust that was revocable at the settlor's death within … two years after the settlor's death …."

Appellant argues that she does not contest the trust's validity, but "seeks to establish that the [trust] terminated *as a matter of law* at the death of [William] under the doctrines of merger and passive trust/statute of uses." That is a distinction without a difference for these purposes.

---

[1] This statute, unchanged since its 2004 adoption as part of the Missouri Uniform Trust Code, does not seem to have been considered in any published Missouri case.
[2] *I.e.*, Respondent Trust Company, who actively defended the case below.

We judge a pleading "by its subject and substance of its recitals and not its rubric or caption." **Devitre v. Orthopedic Ctr. of St. Louis, LLC**, 349 S.W.3d 327, 334 (Mo. banc 2011). Our broad research turned up few relevant cases, but they support our conclusion that Appellant was contesting the trust's validity.[3] To charge failure, by operation of law, of an existing and otherwise valid trust is to charge that the trust is no longer valid; to do so by lawsuit is to contest the validity of the trust.

Statutes of limitation aim to prevent stale claims. **Business Men's Assur. Co. v. Graham**, 984 S.W.2d 501, 507 (Mo. banc 1999). Per Uniform Trust Code comment, § 456.6-604 is meant to give "adequate time in which to bring a contest while at the same time permitting the expeditious distribution of the trust property following the settlor's death." UNIFORM TRUST CODE (U.L.A.) § 604 comment (2006); John A. Borron, Jr., 4A Missouri Practice, *Probate & Surrogate Laws Manual* § 456.6-604 (Supp. 2013). Our decision is consistent with these goals and the statutory text.[4] Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

JEFFREY W. BATES, P. J. – CONCURS

---

[3] *See* **Estate of Stoker**, 193 Cal. App. 4th 236, 241, 122 Cal. Rptr. 3d 529, 533 (2011) (court not bound by petition's label, but looks to substance and "practical effect" to determine if action is one to contest a trust). *See also* **Derringer v. Emerson**, 729 F. Supp. 2d 286, 290 (D.D.C. 2010) *aff'd*, 435 F. App'x 4 (D.C. Cir. 2011).

[4] Appellant sued well after Respondent had distributed substantial trust monies to contingent beneficiaries pursuant to the trust's terms. Before distributing these monies, Respondent published notice to creditors, sent separate notice to Appellant, then waited six months for the non-claim period to run.