**Frieda L. GAYNOR,**
**Plaintiff/Appellant,**

**v.**

**WASHINGTON UNIVERSITY, Barnes–Jewish Hospital, Andrea A. Vannucci, M.D., Joseph Borrelli, M.D., and John Doe, M.D., Defendants/Respondents.**

No. ED 90358.

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 2008.

Application for Transfer Denied
Sept. 30, 2008.

Robert J. Maurer, Anzalone & Fiser, Clayton, MO, for appellant.

David P. Ellington, Brenda K. Hamilton, Brown & James, P.C., St. Louis, MO, for respondents Washington University, Andrea Vannucci, M.D., and Joseph Borrelli, M.D.

Lisa A. Larkin, Steven S. Wasserman, Williams Venker & Sanders LLC, St. Louis, MO, for respondent Barnes–Jewish Hospital.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff appeals from the judgment of the trial court dismissing her medical malpractice action based on *res ipsa loquitur* on the ground that she failed to file the health care affidavits required by section 538.225 RSMo (2005 Supp.).[1] In her sole point on appeal, she contends that the trial court erred in dismissing her action. She reasons that she should be exempt from filing the affidavits required by section 538.225 because her action was based on *res ipsa loquitur* and she would not be required or permitted to use expert testimony at trial. We affirm for the reason that section 538.225, which requires a plaintiff to file an affidavit "[i]n any action against a health care provider for personal injury or death on account of the rendering of or failure to render health care services," does not exempt personal injury actions in which proof is based on *res ipsa loquitur*.

Plaintiff, Frieda L. Gaynor, filed a first amended petition to recover damages for personal injury, naming as defendants Washington University, Barnes–Jewish Hospital, Andrea A. Vannucci, M.D., Joseph Borrelli, M.D., and John Doe, M.D. (collectively, defendants). She alleged that she was admitted to Barnes–Jewish Hospital on July 23, 2004 for surgery on her left ankle, that Dr. Vannucci was an employee or agent of Washington University and Barnes–Jewish Hospital and was the attending anesthesiologist, and that Dr. Borrelli was also an employee or agent of Washington University and Barnes–Jewish Hospital and was the primary surgeon. According to her amended petition, immediately upon regaining consciousness following the surgery, plaintiff began to com-

---

1. All further statutory references will be to RSMo (2005 Supp.), unless otherwise specified.

plain of extreme pain in her left eye, and she was subsequently determined to have suffered a corneal abrasion. Plaintiff was seen by a doctor in the ophthalmology department and was later released from Barnes–Jewish Hospital. Plaintiff returned to Barnes–Jewish Hospital the next week, and she was diagnosed with a corneal ulcer to the left eye. She was admitted to the hospital and underwent various procedures before being discharged four days later. Plaintiff alleged that she was unconscious at the time of the initial injury to her left cornea, and that the circumstances alleged were sufficient to establish defendants' negligence under the principle of *res ipsa loquitur.*

Defendants thereafter moved to dismiss on several grounds, including that plaintiff failed to file the health care affidavits required by section 538.225 RSMo. On February 15, 2007 the trial court denied this motion as premature. It concluded that the health care affidavits were mandatory whether or not plaintiff would be required to present expert medical testimony at trial to establish the standard of care of a health care provider, and it ordered plaintiff to file health care affidavits as required by section 538.225 within sixty days.

Plaintiff filed a motion for reconsideration on the ground that she was not required to file health care affidavits because expert testimony is not required to prove *res ipsa loquitur* claims. Plaintiff did not file health care affidavits within sixty days of the trial court's February 15, 2007 order, and defendants again moved to dismiss.

After a hearing, the trial court denied plaintiff's motion for reconsideration because it had no legal effect, granted the motion to dismiss for failure to comply with the court's February 15, 2007 order, and dismissed the petition without preju-

dice on the ground that a health care affidavit was mandated by statute even if "the 'medical malpractice is of that untypical kind that does not require proof of standard of care by an expert,' " quoting *Budding v. SSM Healthcare System,* 19 S.W.3d 678, 680–81 n. 4 (Mo. banc 2000). It subsequently entered a judgment for defendants and dismissed the action as to all defendants.

## DISCUSSION

■ Plaintiff argues that the rule prohibiting the use of expert testimony in a medical malpractice case premised on *res ipsa loquitur*[2] must logically extend to relieve a plaintiff in a medical malpractice case from the duty to file the health care affidavit required by section 538.225.

Chapter 538 governs tort actions against health care providers. Section 538.225.1 requires a plaintiff to file an affidavit for each defendant named in the petition:

1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Unless the trial court, for good cause shown, allows the plaintiff additional time, the affidavit must be filed no later than ninety days after the petition is filed. Sec-

---

**2.** *See Spears v. Capital Region Medical Center,*  86 S.W.3d 58 (Mo.App.2002).

tion 538.225.5. If the plaintiff fails to file a health care affidavit, the court, upon motion of any party, is required to dismiss the action against the moving party without prejudice. Section 538.225.6.

Plaintiff relies on *dicta* in *Mahoney v. Doerhoff Surgical Services., Inc.,* 807 S.W.2d 503, 507 (Mo. banc 1991), to support her claim that she was not required to file an affidavit. In *Mahoney,* the plaintiff's medical malpractice action was dismissed for failure to comply with section 538.225 RSMo (1986). On appeal, the plaintiffs challenged the constitutionality of the statute on several grounds. The court held that the statute enacted a procedure to be followed in suits for damages for personal injury or death caused by negligent health care providers, and did not change substantive law. *Id.* at 508. The court proceeded to describe the procedure: "The procedure allows the plaintiff with good cause an extension of time to comply, or to correct a defective affidavit already filed, or implicitly, to show that the medical malpractice the petition alleges is of that untypical kind that does not require proof of standard of care by expert opinion." *Id.*

Plaintiff claims this language created an exception to the application of section 538.225.1 for *res ipsa loquitur* cases. However, the Missouri Supreme Court thereafter characterized this language as *dicta,* and it firmly rejected the conclusion that the statute created this exception. *Budding,* 19 S.W.3d at 678. In *Budding,* the court addressed the question of whether chapter 538 forecloses a strict liability claim against a health care provider who "transfers" a defective medical device to a patient. To answer this question, it interpreted sections 538.205(5) and 538.225.1. It explicitly held: "[C]ontrary to dicta in *Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 508 (Mo. banc 1991), nothing in sec. 538.225 exempts a plaintiff from filing an affidavit who shows 'that the med-

ical malpractice … is of that untypical kind that does not require proof of standard of care by expert opinion.'" *Id.* at 680–81 n. 4.

In *Mello v. Giliberto,* 73 S.W.3d 669 (Mo.App.2002), the plaintiff appealed from the trial court's judgment dismissing her medical malpractice claims for failure to file a health care affidavit. On appeal, she argued that she was not required to file an affidavit because she alleged " 'common sense errors which violated standards of care set out in Missouri regulations and could be proved without expert testimony.' " *Id.* at 679. Quoting the footnote in *Budding,* we held that section 538.225 did not allow such an exception. *Id.* We held that "[a] health care affidavit is required if the relationship of the parties is that of health care provider and recipient and if the 'true claim' relates only to the provision of health care services." *Id.* (citing *Vitale v. Sandow,* 912 S.W.2d 121, 122 (Mo.App.1995) (section 538.225 applied to patient's claim against health care providers for libel contained in doctor's report); *St. John's Reg. Health Ctr. v. Windler,* 847 S.W.2d 168, 171 (Mo.App.1993) (section 538.225 applied to false imprisonment claim against health care providers resulting from diagnosis)).

■ *Budding* was decided in 2000 and *Mello* in 2002. In 2005, the legislature amended section 538.225, but did not change any language in section 538.225.1 except to make it gender-neutral. Specifically, the 2005 amendments to section 538.225 left unchanged the requirement in section 538.225.1 that a plaintiff file a health care affidavit in "any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services." When, after a statute has been construed by a court of last resort, the legislature re-enacts it, carries it over

without change, or re-incorporates the exact language previously construed, we presume that the legislature knew of and adopted the judicial construction given to that language. *State ex rel. Dean v. Daues*, 321 Mo. 1126, 14 S.W.2d 990, 1002–03 (1928); *Investors Title Co. v. Chicago Title Ins.*, 18 S.W.3d 70, 73 (Mo.App.2000); *U.S. Central v. Manchester Life and Cas.*, 952 S.W.2d 719, 722 (Mo.App.1997); *Duckworth v. United States Fidelity & Guaranty Co.*, 452 S.W.2d 280, 286 (Mo.App.1970). Accordingly, we presume that the Missouri legislature knew of and adopted the construction given to section 538.225.1 in *Budding* when it reenacted section 538.225.1 without change in 2005.

*Budding* held that section 538.225.1 did not exempt from its affidavit requirement a medical malpractice case that does not require proof of the standard of care by expert opinion. 19 S.W.3d at 680–81 n. 4. A medical malpractice case based on *res ipsa loquitur* does not require or allow expert testimony on the standard of care. *Spears*, 86 S.W.3d at 62. Accordingly, section 538.225.1 does not exempt medical malpractice actions against health care providers in which proof is based on *res ipsa loquitur*.

The trial court did not err in dismissing the action for failure to file health care affidavits pursuant to section 538.225. Point one is denied.

*Conclusion*

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J. and KENNETH M. ROMINES, J., concur.