Sohrab **DEVITRE**, Appellant,

v.

**The ORTHOPEDIC CENTER
OF SAINT LOUIS, LLC,**
Defendant,

and

**Mitchell B. Rotman, M.D., Respondent.**

No. SC 90835.

Supreme Court of Missouri,
En Banc.

June 28, 2011.

James S. Collins II, Law Office of James S. Collins 11, St. Louis, for Devitre.

Robert J. Amsler Jr., and David I. Hares Esq. & Associates, St. Louis, for Rotman and Orthopedic Center.

PATRICIA BRECKENRIDGE, Judge.

Sohrab Devitre appeals the judgment of the St. Louis County circuit court dismissing his lawsuit with prejudice for failure to file a health care affidavit pursuant to section 538.225.[1] Mr. Devitre argues that the trial court abused its discretion in dismissing the lawsuit because he was not a patient of Mitchell B. Rotman, M.D., or of The Orthopedic Center of St. Louis, LLC, and the independent medical examination conducted by Dr. Rotman did not create a physician-patient relationship that would trigger the requirement in section 538.225 to file a health care affidavit.

Dr. Rotman, in his capacity as a health care provider, conducted an independent medical examination on Mr. Devitre. An independent medical examination is a health care service. Recipients of an independent medical examination are patients of the physician for the limited purpose of conducting the examination. Therefore, a physician-patient relationship exists and triggers the requirement in section 538.225 for the filing of a health care affidavit. Additionally, Mr. Devitre's petition states a claim for medical malpractice, not the intentional torts of assault and battery. Therefore, the trial court did not err in dismissing Mr. Devitre's lawsuit for failure to file a health care affidavit. The judgment is affirmed.[2]

## Factual and Procedural Background

Sohrab Devitre was involved in an automobile accident in Jefferson County in August 2000. He filed suit against the other driver in the accident. During discovery in that lawsuit, the defendant requested that Mr. Devitre have an independent

---

1. All statutory citations are to RSMo Supp. 2010.

2. Mr. Devitre does not appeal the portion of the trial court's judgment sustaining The Or-

thopedic Center's motion to dismiss the action against it for insufficient service of process. Therefore, that portion of the judgment is affirmed.

medical evaluation conducted by Dr. Rotman pursuant to Rule 60.01(a) to assess his injuries allegedly arising from the automobile accident. Mr. Devitre consented to the independent medical examination. Dr. Rotman, a physician who practices at The Orthopedic Center of St. Louis, LLC, examined Mr. Devitre on August 21, 2006. During the examination, which was secretly tape-recorded by Mr. Devitre, Dr. Rotman moved Mr. Devitre's right arm through a range of motions to assess his injuries. The personal injury case arising from the automobile accident went to trial, and the jury entered a verdict in favor of Mr. Devitre for $18,000.

On July 22, 2008, Mr. Devitre sued Dr. Rotman for personal injuries caused during the August 21, 2006, independent medical examination and The Orthopedic Center on a theory of respondeat superior. He also sought punitive damages against both Dr. Rotman and The Orthopedic Center. In his petition, he alleged that Dr. Rotman intentionally assaulted and battered him by forcing him to move his arm and shoulder joints past their limited range of motion, causing him severe pain and physical injury. Mr. Devitre expressly stated that he was filing a cause of action for assault and battery and not a medical negligence claim. Mr. Devitre further alleged "[t]hat at no time was [Mr. Devitre] ever a patient of [Dr. Rotman]" and "[t]hat at no time did [Mr. Devitre] ever seek any medical treatment whatsoever of any nature from defendants."

The St. Louis County circuit court dismissed the case without prejudice because

Mr. Devitre failed to file a health care affidavit. Mr. Devitre refiled his lawsuit within the time permitted by section 516.230, RSMo 2000, the one-year savings statute. His second petition was virtually identical to his first petition.

In his answer, Dr. Rotman admitted that Mr. Devitre was not a patient and he did not seek medical treatment. Rather, Dr. Rotman alleged that Mr. Devitre presented himself for an independent medical examination. He pleaded as a defense that, because he is a health care provider, he intended to rely on chapter 537, which covers tort actions generally, and chapter 538, which covers tort actions based on improper medical care.

Mr. Devitre filed a motion seeking a trial court ruling that the defendants could not rely on the benefits of chapters 537 and 538, because Mr. Devitre was never a patient of Dr. Rotman or The Orthopedic Center. Both Dr. Rotman and The Orthopedic Center moved to dismiss the lawsuit for Mr. Devitre's failure to file the health care affidavit as required by section 538.225. The Orthopedic Center also moved to dismiss for insufficient service of process. The court overruled Mr. Devitre's motion to preclude Dr. Rotman and The Orthopedic Center from relying on favorable provisions in chapters 537 and 538, sustained The Orthopedic Center's motion to dismiss for insufficient service, and sustained the defendants' joint motion to dismiss for failure to file a health care affidavit. The trial court dismissed Mr. Devitre's action with prejudice.[3] Mr. De-

---

3. Section 538.225.6 states that if a party fails to comply with the requirements of section 538.225, "the court shall, upon motion of any party, dismiss the action ... *without* prejudice." (Emphasis added). The trial court dismissed the case *with* prejudice. Generally, a trial court commits error if it dismisses an action with prejudice for noncompliance with section 538.225.6. *See Keys v. Nigro*, 913 S.W.2d 947, 950 (Mo.App.1996) (analyzing previous version of statute that contains the language "dismissal without prejudice" for noncompliance with the statute). Mr. Devitre does not challenge that part of the judgment or raise the issue of whether his prior dismissal and refilling under the saving statute would

vitre appealed. After opinion by the court of appeals, this Court granted transfer. Mo.Const. art. V, sec. 10.

## Standard of Review

 This Court reviews a trial court's grant of a motion to dismiss de novo. *City of Lake Saint Louis v. City of O'Fallon,* 324 S.W.3d 756, 759 (Mo. banc 2010). This Court reviews the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* In so doing, a plaintiff's averments are taken as true and all reasonable inferences are liberally construed in favor of the plaintiff. *Id.* This Court will not consider matters outside the pleadings. *Id.*

 Likewise, "[s]tatutory interpretation is an issue of law that this Court reviews de novo." *Spradling v. SSM Health Care St. Louis,* 313 S.W.3d 683, 686 (Mo. banc 2010). This Court's role in interpreting statutes is to discern the intent of the legislature from the plain and ordinary meaning of the language used and to give effect to that intent, if possible. *Id.*

## Discussion

 Mr. Devitre raises one issue on appeal. He contends that the trial court abused its discretion by dismissing his lawsuit for failure to file a health care affidavit as required by section 538.225. He claims that statute does not govern his cause of action because he was not a patient of Dr. Rotman or The Orthopedic Center and he never received health care services from either of them. In arguing that section 538.225 is inapplicable, he relies on the definition of "health care services" in section 538.205, which limits its scope to "ser-

vices that a health care provider renders to a patient in the ordinary course of the health care provider's profession."

Section 538.225 requires a plaintiff to file an affidavit attesting to the merits of any action against a health care provider. The relevant portions of section 538.225 state:

1. In *any action* against a *health care provider* for damages for personal injury or death on account of *the rendering of or failure to render health care services,* the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

\* \* \*

5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.

6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

(Emphasis added). The court of appeals has addressed when the statute mandates the plaintiff to file a health care affidavit. Under those cases, the resolution of the issue of whether a party must file a health care affidavit depends on whether "the relationship of the parties is that of health

permit a dismissal with prejudice. Therefore, this Court will not address the propriety of

the trial court's ruling that the dismissal is with prejudice.

care provider and recipient and if the 'true claim' relates only to the provision of health care services." *Gaynor v. Washington Univ.*, 261 S.W.3d 650, 653 (Mo. App.2008) (internal citations omitted). This analysis applies regardless of how the plaintiff characterizes his or her claims. *J.K.M. v. Dempsey*, 317 S.W.3d 621, 626–27 (Mo.App.2010) (pleading breach of fiduciary duty, assault, and battery); *Mello v. Giliberto*, 73 S.W.3d 669, 679 (Mo.App. 2002) (pleading medical malpractice, battery, lack of informed consent, and wrongful death); *Vitale v. Sandow*, 912 S.W.2d 121, 122 (Mo.App.1995) (pleading libel); *St. John's Reg'l Health Ctr., Inc. v. Windler*, 847 S.W.2d 168, 171 (Mo.App.1993) (pleading false imprisonment); *Jacobs v. Wolff*, 829 S.W.2d 470, 472 (Mo.App.1992) (pleading tortious interference with contract, negligent infliction of emotional distress, and negligence). *See also Robinson v. Health Midwest Dev. Grp.*, 58 S.W.3d 519, 522 (Mo. banc 2001) (taking a substance-over-form approach to determining when a claim is one of medical malpractice and, therefore, the medical malpractice statute of limitation applies).

■ Therefore, the first step in this case is to determine if the relationship between Dr. Rotman and Mr. Devitre is one of health care provider and patient that would trigger the requirement to file a health care affidavit. *Gaynor*, 261 S.W.3d at 653. In an action against a physician for medical malpractice, it is essential to show that there was a physician-patient relationship between the physician and the person allegedly injured.[4] *See Brown v. Bailey*, 210 S.W.3d 397, 404 (Mo. App.2006).

Mr. Devitre asserts that he was not a patient of Dr. Rotman but instead a recipient of an independent medical examination that he was compelled to undergo. He argues that because he was not a patient, a physician-patient relationship could not exist and, therefore, the requirements of the statute do not apply.

■ Neither this Court nor the court of appeals has determined what, if any, relationship exists between a physician performing an independent medical examination and a patient. Having reviewed persuasive authority from other jurisdictions, this Court concludes that a physician who only provides an independent medical examination but does not treat the examinee "has a limited physician-patient relationship with the examinee that gives rise to limited duties to exercise professional care." *Dyer v. Trachtman*, 470 Mich. 45, 679 N.W.2d 311, 314 (2004). *See also Greenberg v. Perkins*, 845 P.2d 530, 535 (Colo.1993). "The limited relationship ... imposes a duty on the independent medical examination physician to perform the examination in a manner not to cause physical harm to the examinee." *Dyer*, 679 N.W.2d at 315. Given the purpose of the independent medical examination, the limited relationship of the independent medical examination physician and examinee does not impose a duty "to properly diagnose or treat abnormalities or conditions." *Id.* Mr. Devitre and Dr. Rotman had a limited physician-patient relationship. While it is a limited relationship, it is, nevertheless, a physician-patient relationship.

■ Mr. Devitre's argument limits the definition of "patient" to an individual who receives treatment by a physician for a medical condition. The definition of "patient" is not so limited. Section 538.205

---

4. This Court recognizes that medical malpractice claims may be brought against any "health care provider," that is, physicians, nurses, dentists, et cetera. *See* Section 538.205(4).

provides definitions for sections 538.205 to 538.230. It defines "health care provider" as:

(4) "Health care provider", any physician, hospital, health maintenance organization, ambulatory surgical center, long-term care facility including those licensed under chapter 198, RSMo, dentist, registered or licensed practical nurse, optometrist, podiatrist, pharmacist, chiropractor, professional physical therapist, psychologist, physician-in-training, and any other person or entity that provides health care services under the authority of a license or certificate[.]

Section 538.205 defines "health care services" as:

(5) "Health care services", *any services that a health care provider renders to a patient in the ordinary course of the health care provider's profession* or, if the health care provider is an institution, in the ordinary course of furthering the purposes for which the institution is organized. Professional services shall include, but are not limited to, transfer to a patient of goods or services incidental or pursuant to the practice of the health care provider's profession or in furtherance of the purposes for which an institutional health care provider is organized[.]

(Emphasis added). The statute does not define "patient." Therefore, this Court looks to the plain and ordinary meaning of the word. *See State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513, 519 (Mo. banc 2009). "In the absence of a statutory definition, words will be given their plain and ordinary meaning as derived from the dictionary." *State v. Oliver*, 293 S.W.3d 437, 446 (Mo. banc 2009). "Patient" is defined as (1) "a sick individual esp. when awaiting or under the care and treatment of a physician or surgeon"; and (2) "a client for medical service (as of a physician

or dentist)." WEBSTER'S THIRD NEW INT'L DICTIONARY 1655 (1993).

Applying the facts to the law, Dr. Rotman, a physician, is a health care provider. An independent medical examination is a health care service that Dr. Rotman provides to patients in the ordinary course of his business. Mr. Devitre is a client of this medical service that Dr. Rotman provides. Therefore, Mr. Devitre is a patient of Dr. Rotman.

In addition to arguing that he is not a patient of Dr. Rotman, Mr. Devitre implicitly contends that because Dr. Rotman admitted that Mr. Devitre was not his patient, Dr. Rotman is bound by his statement. While it is true that Dr. Rotman stated that Mr. Devitre was not his patient, he is not bound by that statement because it involves a conclusion of law, not a conclusion of fact. For a party to by bound by his or her admission, the admission must be one of fact and not a conclusion of law. *Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 642 (Mo. banc 1987); *Macheca v. Fowler*, 412 S.W.2d 462, 465 (Mo.1967); *Distefano v. Saint–Gobain Calmar, Inc.*, 272 S.W.3d 207, 214 (Mo.App. 2008). In *Distefano*, the court of appeals confronted this issue within the context of a worker's compensation dispute, which, like medical malpractice claims, requires a rigid application of facts to statutory definitions. 272 S.W.3d at 214. In that case, the plaintiff admitted in his opening statement and in a post-trial affidavit that the defendant was a general contractor. *Id.* The court of appeals stated that the admission was insufficient to establish if the defendant was the plaintiff's statutory employer because "the determination of whether or not the facts establish that [the defendant] was both an owner and general contractor under circumstances which establish that [the defendant] was [the plaintiff's] statutory employer is an issue of law.

*Id.* Likewise, the determination of whether the facts establish if Mr. Devitre was Dr. Rotman's patient is an issue of law.

■ After determining that Dr. Rotman and Mr. Devitre had a physician-patient relationship, the second part of the inquiry is to determine "if the 'true claim' relates only to the provision of health care services." *Gaynor,* 261 S.W.3d at 653. This Court elevates substance over form when reviewing a petition. *See Robinson v. Health Midwest Dev. Grp.,* 58 S.W.3d 519, 522 (Mo. banc 2001) (taking a substance-over-form approach to determining when a true claim is a claim of medical malpractice and, therefore, the medical malpractice statute of limitation applies). As such, a pleading is judged by its subject and substance of its recitals and not its rubric or caption. *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo. banc 2000). Mr. Devitre's claim is not saved by his characterization of his cause of actions as battery and assault because he failed to plead the essential elements of an assault and a medical battery. The petition shows that assault and battery are not Mr. Devitre's true claims; his true claim sounds in medical malpractice.

■ To recover damages for a battery, the plaintiff must plead and prove an "intended, offensive bodily contact with another person." *Cooper v. Albacore Holdings, Inc.,* 204 S.W.3d 238, 246 (Mo.App. 2006). Within the context of medical examinations, "a battery occurs when a physician performs a medical procedure without valid consent." *Cruzan by Cruzan v. Harmon,* 760 S.W.2d 408, 417 (Mo. banc 1988). To establish battery based on lack of consent, "a plaintiff is only required to prove the occurrence of unconsented touching." *Wuerz v. Huffaker,* 42 S.W.3d

652, 656–57 (Mo.App.2001). Therefore, a plaintiff must plead and prove that he or she did not give consent or that he or she withdrew consent. *Yoder v. Cotton,* 276 Neb. 954, 758 N.W.2d 630, 636 (2008); *Andrew v. Begley,* 203 S.W.3d 165, 172 (Ky. Ct.App.2006).

> Consent to medical treatment may be manifested in a number of ways: the patient may expressly consent by oral agreement or by signing a formal written permission; or the patient may give implied authority by conduct, such as by voluntary submission to the operation or by failure to object to it.

*Wilkerson v. Mid–America Cardiology,* 908 S.W.2d 691, 699 (Mo.App.1995). Implied consent can be found where the patient gives a general authorization to the physician to act. *Rothe v. Hull,* 352 Mo. 926, 180 S.W.2d 7, 11 (1944). Expert testimony is not required for a battery based on lack of consent.[5] *Wuerz,* 42 S.W.3d at 657.

Mr. Devitre failed to plead that Dr. Rotman touched him without consent during the independent medical examination. In Mr. Devitre's petition, he pleads,

> Plaintiff was compelled to go to the examination under the Missouri Rules of Civil Procedure.

> \* \* \*

> Defendant Rotman while in the course and scope of the business of Defendant Center intentionally assaulted and battered Plaintiff by forcing Plaintiff to go through ranges of motions during the independent medical examination which Plaintiff physically could not do on his own and by forcing parts of Plaintiff's body to move past their then limited

---

**5.** If a party complains of a failure to disclose the risks or fully explain the procedure, the cause of action is rooted in medical malpractice for lack of informed consent, not battery. *Baltzell v. Van Buskirk,* 752 S.W.2d 902, 906 (Mo.App.1988).

range of motion with extreme pain which actions caused Plaintiff severe pain and physical damage and additional limitation of motion

While he alleges that Dr. Rotman acted intentionally in touching him, he fails to allege any facts that the touching was non-consensual.

Mr. Devitre attached a transcript of the recording of the independent medical examination, which is incorporated into the petition by reference. Rather than support his claim for assault and battery, the transcript shows that Dr. Rotman was acting within the scope of providing health care services by manipulating Mr. Devitre's arm for the purposes of the independent medical examination. While Dr. Rotman physically manipulated Mr. Devitre's arm, Mr. Devitre told Dr. Rotman several times that the movements hurt and said "don't press on me" and "don't do that doctor." Absent from the transcript is any indication that Mr. Devitre pulled away his arm or told Dr. Rotman to stop the examination. By not pleading an unconsented touching, Mr. Devitre did not plead a medical battery claim.

▆▆▆▆ Mr. Devitre also failed to allege the necessary elements of assault. Although commonly pleaded as "assault and battery" because battery is considered "the consummation of an assault," assault and battery are two distinct causes of action. *A.R.B. v. Elkin,* 98 S.W.3d 99, 104 (Mo.App.2003). Assault is "any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Phelps v. Bross,* 73 S.W.3d 651, 655 (Mo.App.2002). Assault is sometimes described as "an inchoate battery." *Id.* To plead an assault, the petitioner must allege: "(1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) con-

duct of the defendant indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Id.* at 656. In this case, Mr. Devitre failed to plead apprehension of bodily harm in his petition. The transcript, incorporated by reference into the petition, also does not allege apprehension. Therefore, he failed to plead an assault claim.

The factual allegations in Mr. Devitre's petition state the claim that Dr. Rotman caused personal injury to him during the course of the independent medical examination when he manipulated Mr. Devitre's arm despite the fact that Mr. Devitre expressed that "it hurts when you're doing that." The claimed injuries allegedly were caused by the health care service Dr. Rotman provided Mr. Devitre. Such a claim is a medical malpractice or negligence claim. In a medical malpractice action, the plaintiff is required to plead (1) an act or omission by the defendant that was not in keeping with the degree of skill and learning ordinarily used by members of the defendant's profession; and (2) that negligent act or omission caused the plaintiff's injury. *Davolt v. Highland,* 119 S.W.3d 118, 123 (Mo.App.2003). Any possible recovery for Mr. Devitre would arise from pleading and proving Dr. Rotman's failure to exercise a physician's ordinary skill and care during the independent medical examination. Absent a well-pleaded assault or medical battery claim, Mr. Devitre's claim sounds in medical malpractice. Moreover, Dr. Rotman and Mr. Devitre had a physician-patient relationship during the course of the independent medical examination. Therefore, he was required to file a section 538.225 health care affidavit.

## Conclusion

Mr. Devitre and Dr. Rotman had a physician-patient relationship during the inde-

pendent medical examination. Under section 538.205, Dr. Rotman, a physician, is a health care provider who provided health care services to Mr. Devitre. Within the course of providing health care services, Mr. Devitre allegedly was injured. Mr. Devitre's allegations of personal injury constitute a claim for medical malpractice, not assault and battery. Therefore, he was required to file a health care affidavit pursuant to section 538.225.1. His failure to file the affidavit warrants a dismissal of the petition. Section 538.225.6. The trial court did not err by dismissing Mr. Devitre's petition. The trial court's judgment is affirmed.

PRICE, C.J., RUSSELL, WOLFF, FISCHER and STITH, JJ., concur.

TEITELMAN, J., dissents in separate opinion filed.

RICHARD B. TEITELMAN, Judge, Dissenting Opinion.

I respectfully dissent. First, Mr. Devitre was not Dr. Rotman's "patient" because Mr. Devitre was not a "client of the medical service Dr. Rotman provides." Second, Mr. Devitre's "true claim" is not medical negligence. Mr. Devitre's true claims are the assault and battery claims alleged in his petition. Therefore, the trial court erred in dismissing Mr. Devitre's petition for failure to submit a health care affidavit pursuant to section 538.225.[1]

Mr. Devitre was not Dr. Rotman's patient. Dr. Rotman did not think so, he took the position that Mr. Devitre was not a patient. Dr. Rotman's position is supported by the definition of "patient." As noted in the principal opinion, a "patient" is either a "sick individual ... under the care and treatment of physician ..." or "a client for the medical services" of a physician. Mr. Devitre was not under the care

and treatment of Dr. Rotman or was Mr. Devitre a "client" of Dr. Rotman. Dr. Rotman examined Mr. Devitre at the request of the defendant in an adversarial legal proceeding. There was no confidentiality or expectation of confidentiality. Although the principal opinion notes that Mr. Devitre consented to the examination, in reality, Mr. Devitre had no real choice. Rule 60.01(a) authorized the trial court to order Mr. Devitre to undergo the examination. If Mr. Devitre refused to undergo an independent medical examination, he likely faced litigation sanctions. Dr. Rotman's examination of Mr. Devitre was nothing but a discovery effort by the defendant.

The principal opinion also holds that Mr. Devitre's "true claim" is medical negligence, not assault and battery. The sum and substance of Mr. Devitre's petition is precisely what he alleged, that he was battered and assaulted. Mr. Devitre alleged that Dr. Rotman's manipulation of his arm hurt, and he told Dr. Rotman "don't press on me" and "don't do that doctor." The most plausible way to read these allegations is to conclude that Mr. Devitre wanted Dr. Rotman to stop manipulating his arm. "Don't do that" clearly meant "don't [manipulate my arm]." Mr. Devitre's allegations clearly reflect that he did not consent any further manipulation of his arm by Dr. Rotman.

Mr. Devitre also pleaded an assault claim. The principal opinion faults him for not pleading apprehension. If someone tells another to stop hurting him, it seems apparent that the reason for the statement is that the person is in apprehension of further harm.

Mr. Devitre's "true claim" is for assault and battery. I would hold that the re-

quirements of section 538.225 are inapplicable.