

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. BRAD HALSEY,      )   *Opinion issued June 25, 2019*
)
                   Relator,    )
)
v.                           )   No. SC97288
)
THE HONORABLE JENNIFER M. PHILLIPS,   )
)
            Respondent.   )

### ORIGINAL PROCEEDING IN PROHIBITION

Brad Halsey ("Halsey") petitions this Court for a writ of prohibition directing the Honorable Jennifer M. Phillips ("Respondent") to dismiss Jennifer Dachenhausen's ("Dachenhausen") claims against him for assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Because Dachenhausen's Amended Petition demonstrates her assault and battery claims are time-barred but her emotional distress counts properly allege claims independent from traditional common law actions, the preliminary writ is made permanent in part and quashed in part.

## BACKGROUND

On May 9, 2018, Dachenhausen filed suit against Halsey in Jackson County Circuit Court for assault, battery, intentional infliction of emotional distress, and negligent[1] infliction of emotional distress. As alleged by Dachenhausen in her Amended Petition, Dachenhausen worked as a Lead Analyst at the City of Independence Police Department, and Halsey, the Deputy Chief of Police, was her supervisor. In 2012, Halsey asked Dachenhausen to send him naked pictures of herself, and Halsey sent her pictures of a naked woman he said was his wife. On May 17, 2013, Halsey placed his hands on Dachenhausen's buttocks and pulled her into his erect penis. Dachenhausen fled Halsey's presence immediately after this incident. Dachenhausen further alleges Halsey placed his erect penis near her face while at work on an unspecified date. As a result of Halsey's conduct, Dachenhausen resigned from her position with the City of Independence. While the conduct described in her Amended Petition was alleged to have occurred in 2012 and 2013, Dachenhausen alleges she did not fully appreciate the psychological impact of Halsey's actions until the fall of 2017 when the Me Too movement[2] became prominent.

---

[1]  Dachenhausen originally pleaded only assault, battery, and intentional infliction of emotional distress. Her count of negligent infliction of emotional distress was first included in her Amended Petition, filed May 28, 2018. However, because this count alleges the same conduct as her intentional infliction of emotional distress count, it relates back under Rule 55.33(c).

[2]  For background about the Me Too movement, see Melissa Murray, *Consequential Sex: #MeToo,* Masterpiece Cakeshop*, and Private Sexual Regulation*, 113 Nw. U. L. Rev. 825, 866-68 (2019), and Elizabeth C. Tippett, *The Legal Implications of the MeToo Movement*, 103 Minn. L. Rev. 229, 230-34 (2018).

In lieu of an answer, Halsey filed a motion to dismiss, arguing Dachenhausen's claims were time-barred. Respondent overruled Halsey's motion to dismiss. Having been denied relief in the court of appeals, Halsey petitioned this Court for a writ of prohibition. This Court issued a preliminary writ of prohibition, which it now makes permanent in part and quashes in part.

## DISCUSSION

This Court has the authority to issue and determine original remedial writs. Mo. Const. art. V, § 4.1. "Prohibition is a discretionary writ that only issues to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extrajurisdictional power." *State ex rel. Church & Dwight Co., Inc. v. Collins*, 543 S.W.3d 22, 25 (Mo. banc 2018) (quotation omitted). "A writ of prohibition is the proper remedy to prevent a lower court from proceeding on a claim barred by the statute of limitations." *Id.* at 26 (quotation and alteration omitted).

Halsey argues a writ of prohibition is warranted on the grounds that: (1) Dachenhausen's suit is time-barred because, under section 516.140,[3] the statute of limitations for assault and battery claims is two years and Dachenhausen filed suit almost five years after the conduct was alleged to have occurred; and (2) the conduct Dachenhausen alleged to support her claims for intentional and negligent infliction of emotional distress is indistinguishable from traditional common law torts and, therefore, her claims for emotional distress are time-barred because they are merely a repackaging

---

[3]   All statutory references are to RSMo 2016, unless otherwise indicated.

of her assault and battery claims.  Accordingly, Halsey contends the circuit court had no authority other than to sustain his motion to dismiss.

"A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010) (quotation and alteration omitted).  "A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action …." *Id.* (quotation omitted).  "When an affirmative defense is asserted, such as a statute of limitation, the petition may not be dismissed unless it clearly establishes on its face and without exception that it is barred." *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995) (quotation omitted). Accordingly, only in the rare case in which the face of a petition demonstrates a claim is time-barred should a court sustain a motion to dismiss on the ground the statute of limitations has run.

## I.   Assault and Battery Claims

In response to Halsey's argument that the circuit court had no authority other than to dismiss her assault and battery claims as time-barred, Dachenhausen argues her damages were not reasonably capable of ascertainment until the Me Too movement became prominent in the fall of 2017.  Only then, she claims, was she – or any reasonable person – able to appreciate fully the psychological impact of Halsey's alleged conduct. Dachenhausen's pleadings, however, wholly refute this argument.  Damages resulting from all the conduct Dachenhausen alleges were reasonably ascertainable at the time the

conduct occurred. Accordingly, Dachenhausen's assault and battery claims are time-barred.

Section 516.140 provides a two-year statute of limitations for assault and battery claims. § 516.140. "A cause of action for battery or assault is deemed to accrue not when the wrong is done, but when the damage resulting therefrom is sustained and is capable of ascertainment." *Sheehan*, 901 S.W.2d at 58 (quotation and alteration omitted). "[T]he capable of ascertainment test is an objective one" determined at the point in time "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 584 (Mo. banc 2006). "At that point, the damages would be sustained and capable of ascertainment as an objective matter." *Id.* at 584-85.

Dachenhausen's Amended Petition alleges Halsey committed assault and battery when he grabbed her buttocks and pulled her into his erect penis on May 17, 2013. When this offensive touching occurred, a reasonable person would have been put on notice that injury or damages may have occurred and undertaken to determine their extent. Dachenhausen alleges she feared an offensive touching, fled Halsey's presence, and resigned due to Halsey's conduct and fear it would continue. Again, these allegations demonstrate a reasonable person would have been on notice that an injury and substantial damages may have occurred and would have undertaken to determine their extent. Though she argues the Me Too movement heightened awareness of such deplorable conduct and its consequences, Dachenhausen's Amended Petition alleges facts that

demonstrate damages had been sustained and were objectively capable of ascertainment when the threatened and actual offensive touching occurred in 2013. Accordingly, the face of Dachenhausen's Amended Petition demonstrates the statute of limitations has run on her assault and battery claims. The writ of prohibition is made permanent with respect to those claims.[4]

## II. *Negligent and Intentional Infliction of Emotional Distress*

Halsey argues Dachenhausen's claims for negligent and intentional infliction of emotional distress do not state a cause of action independent from a traditional tort.

> [W]here [a defendant's] conduct amounts to the commission of one of the traditional torts, such as battery, and the conduct was not intended only to cause extreme emotional distress to the victim, the tort of intentional emotional distress will not lie, and recovery must be had under the appropriate traditional common-law action.

*K.G.*, 918 S.W.2d at 799.

The allegations of Dachenhausen's Amended Petition, which are the same for both emotional distress claims, have a factual and legal basis independent from that of her assault and battery claims. Specifically, Dachenhausen alleges Halsey asked her to send him naked photographs of herself, sent her naked photographs of a woman he said was his wife, and placed his erect penis near her face while at work. Notably, Dachenhausen does not allege that she was put in apprehension of an offensive touching or that Halsey intended to complete an offense touching when he placed his erect penis near her face;

---

[4] Dachenhausen does not claim the statute of limitations was tolled or extended in her case. *See, e.g., K.G. v. R.T.R.*, 918 S.W.2d 795, 798 (Mo. banc 1996) (citing § 516.170) (construing the statute of limitations for sexual battery involving a minor); *Powel*, 197 S.W.3d at 580-84

6

therefore, these allegations are not merely repackaged assault or battery claims. *Cf.*

*Devitre v. Orthopedic Ctr. of Saint Louis, LLC*, 349 S.W.3d 327, 334-35 (Mo. banc

2011).[5]  Rather, this action was intended "only to cause extreme emotional distress" to

Dachenhausen.  *K.G.*, 918 S.W.2d at 799.

Moreover, a jury could reasonably find the facts Dachenhausen alleges are "so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community."  *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997) (quotation

omitted).  Accordingly, Dachenhausen's Amended Petition states a claim of emotional

distress that is independent from traditional common law torts such as assault or battery.

*See R.M.A. v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 424 (Mo. banc 2019)

("When considering whether a petition fails to state a claim upon which relief can be

granted, this Court must accept all properly pleaded facts as true, giving the pleadings

their broadest intendment, and construe all allegations favorably to the pleader …. [T]his

Court reviews the petition to determine if the facts alleged meet the elements of a

recognized cause of action …." (quotations omitted)).  Accordingly, the circuit court

properly refused to dismiss Dachenhausen's negligent and intentional infliction of

---

(construing the statute of limitations for a sexual battery when the victim had repressed the memory of the battery).

[5]  "To recover damages for a battery, the plaintiff must plead and prove an intended, offensive bodily contact with another person." *Devitre*, 349 S.W.3d at 334 (quotation omitted).  "To plead an assault, the [plaintiff] must allege: (1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Id.* at 335 (quotation omitted).

emotional distress claims on the ground they were indistinguishable from common law torts such as her time-barred assault and battery claims.[6]

Finally, this Court cannot determine from the face of her Amended Petition that all of Dachenhausen's negligent or intentional infliction of emotional distress claims are time-barred. The statute of limitations for emotional distress claims is five years. § 516.120(4). Halsey would only be entitled to relief by way of extraordinary writ in this case if Dachenhausen's Amended Petition affirmatively showed all of the conduct giving rise to her negligent or intentional infliction of emotional distress claims occurred before May 9, 2013. It does not.

As with the injury and damages stemming from the alleged conduct forming the basis for Dachenhausen's assault and battery claims, Dachenhausen's allegation Halsey placed his erect penis near her face at work would have put a reasonable person on notice at that time that a negligent or intentional infliction of emotional distress may have occurred such that a reasonable person would have undertaken to ascertain the extent of her damages. *See Powel*, 197 S.W.3d at 584. But Dachenhausen's Amended Petition does not state precisely when this conduct occurred. Because this alleged conduct may well have occurred on or after May 9, 2013 (and, therefore, within five years of her filing

_____

[6]  Halsey also argues Respondent should have dismissed the negligent infliction of emotional distress count for failure to state a claim because Dachenhausen failed to allege conduct that was negligent rather than intentional or reckless. Dachenhausen's allegations are sufficient, however, because a jury could reasonably find either that Halsey engaged in conduct to intentionally or recklessly cause her severe emotional distress or that Halsey should have realized his conduct involved an unreasonable risk of causing her severe emotional distress. *See Gibson*, 952 S.W.2d at 248-49. Accordingly, Dachenhausen has stated a claim for negligent infliction of emotional distress sufficient to survive a motion to dismiss. *Cf. R.M.A.*, 568 S.W.3d at 424.

suit), the Court cannot say the Amended Petition "clearly establishes on its face and without exception that it is barred." *Sheehan*, 901 S.W.2d at 59 (quotation omitted); *accord City of Lake Saint Louis*, 324 S.W.3d at 764.[7]

## CONCLUSION

For the reasons set forth above, the preliminary writ is made permanent in part and quashed in part, and the circuit court is to proceed in a manner not inconsistent with this opinion.

_____
Paul C. Wilson, Judge

Fischer, C.J., Draper, Russell, Breckenridge, and Stith, JJ., and Scott, Sp.J., concur.
Powell, J., not participating.

---

[7] Clearly, some of Halsey's alleged conduct occurred more than five years prior to the date on which Dachenhausen filed her suit, e.g., the sending of sexually suggestive and offensive texts was alleged to have occurred in 2012. Nevertheless, Dachenhausen's negligent or intentional infliction of emotional distress claims survive Halsey's motion to dismiss because at least some of the conduct alleged in support of those claims is undated and (if given the most favorable reading, as required by *R.M.A.*) must be considered for purposes of Halsey's motion to dismiss to have occurred within the limitations period. Consequently, Halsey is not entitled to relief by way of extraordinary writ. Nothing precludes him from filing a motion for a more definite statement pursuant to Rule 55.27(d), however, or raising his statute of limitations arguments again in a properly supported motion for summary judgment pursuant to Rule 74.04.