

# Missouri Court of Appeals

### Southern District

### Division One

GEORGE J. BUCKLES, )
)
    Plaintiff-Appellant, )
)
vs. )    No. SD36739
)
THE SKAGGS COMMUNITY HEALTH )    **Filed: December 7, 2020**
ASSOCIATION D/B/A COX MEDICAL )
CENTER, BRANSON, and JOHN DOE )
and JOHN DOE CO., )
)
    Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Circuit Judge

### REVERSED AND REMANDED

George J. Buckles ("Appellant") filed a petition for damages for the torts of battery and false imprisonment. Defendants filed a motion to dismiss for failure to file an affidavit in accordance with section 538.225, RSMo 2016. The trial court granted the motion to dismiss. The trial court's judgment is reversed, and the case is remanded for further proceedings.

The review of a grant of a motion to dismiss is *de novo*. ***Devitre v. Orthopedic Center of St. Louis, LLC***, 349 S.W.3d 327, 331 (Mo. banc 2011). The factual allegations

1

in the petition are taken as true as well as all reasonable inferences. *Id.* The application

of a statute to specific facts is also reviewed *de novo*. ***Spradling v. SSM Health Care St.***

***Louis***, 313 S.W.3d 683, 686 (Mo. banc 2010). Section 538.225.1 has been interpreted to

require: that an affidavit must be supplied with a petition if (1) the parties were in a

health care provider-patient relationship AND (2) the plaintiff's claim in substance

relates solely to the provision of health care services.

> We review de novo the trial court's interpretation and application of § 538.225.1. *Devitre*, 349 S.W.3d at 331. We apply a two-part test to determine whether a plaintiff is required by § 538.225.1 to file a health care affidavit. *See Devitre*, 349 S.W.3d at 331–32. First, we must determine whether the relationship between the parties is that of health care provider and recipient. *Id.*[] . . . Second, we must determine whether the true claim relates solely to the provision of health care services. *Id.* at 332.

***Spears ex rel. Clendening v. Freeman Health Systems***, 403 S.W.3d 616, 619 (Mo.App.

S.D. 2012) (footnote omitted).

> As [our Supreme] Court stated in *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 507 (Mo. banc 1991), the purpose of section 538.225 "is to cull at an early stage of litigation suits for negligence damages against health care providers that lack even color of merit, and so to protect the public and litigants from the cost of ungrounded *medical malpractice claims*." (emphasis added). Mr. Doe's claims against Quest are for breach of confidentiality. This is not a medical malpractice action.
> . . . Yet, the affidavit of merit required by section 538.225 is addressed to just such a duty: a plaintiff must obtain the written opinion of a health care provider stating that the defendant "failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances."

***Doe 1631 v. Quest Diagnostics, Inc.***, 395 S.W.3d 8, 19 (Mo. banc 2013).

The allegations in this petition are that Appellant went to Defendant Skaggs

Community Health Association d/b/a Cox Medical Center Branson ("Respondent"), for

medical care; however, Appellant did not receive any medical care and chose to leave. A

nurse instructed a security guard to stop him from leaving. The security guard "violently assaulted, battered, attacked and restrained" Appellant. Appellant further alleged he was injured as a result of the security guard's conduct.

There is nothing in the petition that would require an expert's affidavit to determine that the Defendants "failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances." As correctly noted by Respondent, there are cases that indicate that a patient can be a patient prior to receiving care; however, Respondent has not provided any cases to support its claim that the security guard was providing "heath care services." The claim in this action is for an intentional tort. As in *Doe*, this action is not based on what a reasonable medical provider would have done. It cannot be said that this intentional tort, in substance, relates solely to the provision of "health care services" under section 538.225. *Id.* Therefore, Appellant was not required to provide a medical affidavit from an expert pursuant to section 538.225 to support his petition.

The trial court's judgment is reversed, and the case is remanded for further proceedings.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., J. – Concurs